# EXHIBIT A

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-001404-21

| | |
|---|---|
| **Case Caption:** CONNOR SUSAN VS STARBUCKS COFFEE COM PANY | **Case Type:** PERSONAL INJURY |
| **Case Initiation Date:** 05/11/2021 | **Document Type:** Complaint with Jury Demand |
| **Attorney Name:** THOMAS J GOSSE | **Jury Demand:** YES - 12 JURORS |
| **Firm Name:** THOMAS J. GOSSE | **Is this a professional malpractice case?** NO |
| **Address:** 126 WHITE HORSE PIKE HADDON HEIGHTS NJ 08035 | **Related cases pending:** NO |
| **Phone:** 8565466600 | **If yes, list docket numbers:** |
| **Name of Party:** PLAINTIFF : CONNOR, SUSAN, L | **Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO |
| **Name of Defendant's Primary Insurance Company (if known):** None | **Are sexual abuse claims alleged by:** SUSAN L CONNOR? NO |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
   If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
   If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 05/11/2021 | /s/ THOMAS J GOSSE |
| Dated | Signed |

**THOMAS J. GOSSÉ, ESQUIRE**
126 White Horse Pike
Haddon Heights, New Jersey 08035
(856) 546-6600
Attorney for Plaintiff

| | |
|---|---|
| SUSAN L. CONNOR | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | CAMDEN COUNTY |
| vs. | Docket No. L- |
| STARBUCKS COFFEE COMPANY, ABC COMPANIES 1-5 and/or JOHN/ JANE DOES 1-5, jointly, severally and/ or in the alternative | CIVIL ACTION |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants | |

Plaintiff, Susan L. Connor, residing at 103 Matisse Way, in the Community of Williamstown, County of Gloucester and State of New Jersey, by way of Complaint, says:

### FIRST COUNT

1. At all times relevant hereto, defendants, Starbucks Coffee Company and/or ABC Companies 1-3 and/or John/Jane Does 1-3 (fictitious name(s) for individuals or entities whose identities are presently unknown) were the owners and/or landlords of the Starbucks located at 611 Berlin Cross Keys Road in the Community of Sicklerville, County of Camden and State of New Jersey.

2. On or about the 12th day of May 2019, plaintiff, Susan L. Connor, while exercising due care and caution for her safety, was walking in the Starbucks located at 611

Berlin Cross Keys Road in the Community of Sicklerville, County of Camden and State of New Jersey when she slipped on a wet surface causing plaintiff to fall to the floor.

3. Defendants, Starbucks Coffee Company and/or ABC Companies 1-3 and/or John/Jane Does 1-3 by and through its agents, servants and/or employees, were negligent as follows:

(a) Failure to maintain the floor at the Starbucks located in the Community of Sicklerville, New Jersey;

(b) Failure to address and clear the wet surface from the floor at the Starbucks located in the Community of Sicklerville, New Jersey;

(c) Allowing a wet service to exist on the floor at the Starbucks located in the Community of Sicklerville, New Jersey;

(d) Creating or allowing a dangerous condition consisting of a wet service to exist on the floor;

(e) In failing to properly maintain the floor of the Starbucks in a condition reasonably safe for plaintiff and others and free from defects and any conditions rendering it unsafe;

(f) In failing to protect plaintiff and others by inspection and other affirmative acts, from injuries resulting from a dangerous and unsafe condition of said area;

(g) Such other acts of negligence that may be revealed through the course of discovery.

4. The negligent acts of defendants, Starbucks Coffee Company and/or ABC Companies 1-3 and/or John/Jane Does 1-3 were the proximate cause of plaintiff slipping and

falling to the floor as the result of a wet service on the floor and such negligence is imputed to defendants.

5. As a direct and proximate result of the carelessness and negligence of the defendants, plaintiff, Susan L. Connor sustained serious personal injuries.

6. As a direct and proximate result of the injuries, plaintiff endured and will continue to endure great pain and suffering and mental anguish and was unable to work and attend to her usual and customary activities.

7. As a direct and proximate result of such injuries, plaintiff has been and may in the future be required to expend large sums of money in an effort to cure herself of her injuries.

WHEREFORE, plaintiff, Susan L. Connor demands judgment against the defendants, Starbucks Coffee Company, ABC Companies 1-3 and/or John/Jane Does 1-3, jointly, severally and/or in the alternative, for damages, interest and costs of suit.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count and incorporates them herein as if set forth at length.

2. At all times relevant hereto, ABC Companies 4 and 5 and/or John/Jane Does 4 and 5 (fictitious name(s) for individuals or entities whose identities are presently unknown) were responsible for the care, maintenance and upkeep of the premises of the Starbucks located at 611 Berlin Cross Keys Road in the Community of Sicklerville, County of Camden and State of New Jersey.

3. Defendants, Starbucks Coffee Company and/or ABC Companies 4 and 5 and/or John/Jane Does 4 and 5 by and through its agents, servants and/or employees, were negligent as follows:

(a) Failure to maintain the floor at the Starbucks located in the Community of Sicklerville, New Jersey;

(b) Failure to address and clear the wet surface from the floor at the Starbucks located in the Community of Sicklerville, New Jersey;

(c) Allowing a wet service to exist on the floor at the Starbucks located in the Community of Sicklerville, New Jersey;

(d) Creating or allowing a dangerous condition consisting of a wet service to exist on the floor;

(e) In failing to properly maintain the floor of the Starbucks in a condition reasonably safe for plaintiff and others and free from defects and any conditions rendering it unsafe;

(f) In failing to protect plaintiff and others by inspection and other affirmative acts, from injuries resulting from a dangerous and unsafe condition of said area;

(g) Such other acts of negligence that may be revealed through the course of discovery.

4. The negligent acts of defendants, ABC Companies 4-5 and/or John/Jane Does 4-5 were the proximate cause of plaintiff slipping and falling to the floor as the result of a wet surface on the floor and such negligence is imputed to defendants.

5. As a direct and proximate result of the carelessness and negligence of the defendants, plaintiff, Susan L. Connor sustained serious personal injuries.

6. As a direct and proximate result of the injuries, plaintiff endured and will continue to endure great pain and suffering and mental anguish and was unable to work and attend to her usual and customary activities.

7. As a direct and proximate result of such injuries, plaintiff has been and may in the future be required to expend large sums of money in an effort to cure herself of her injuries.

WHEREFORE, plaintiff, Susan L. Connor demands judgment against the defendants, Starbucks Coffee Company, ABC Companies 4-5 and/or John/Jane Does 4-5, jointly, severally and/or in the alternative, for damages, interest and costs of suit.

*Thomas J. Gossé, Esquire*
THOMAS J. GOSSÉ, ESQUIRE

**DATED:** May 11, 2021

## DEMAND FOR JURY TRIAL

Plaintiff, Susan L. Connor hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Thomas J. Gossé, Esquire, is hereby designated as trial counsel in the above matter.

## DEMAND FOR ANSWERS TO INTERROGATORIES PURSUANT TO RULE 4:17-1

Demand is hereby made for Answers to Form C and Form C(2) Uniform Interrogatories to be answered by all defendants in the above matter within the time prescribed by the Rules of the Court.

## NOTICE OF UTILIZATION OF TIME UNIT METHOD OF CALCULATING DAMAGES

Be advised that plaintiff may utilize the time unit method for calculating damages at the time of trial.

## CERTIFICATION

1. I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2. To my knowledge, no other action or arbitration procedure is contemplated.

3. I have no knowledge at this time of the names of any other parties who should be joined in this action.

*Thomas J. Gossé, Esquire*
THOMAS J. GOSSÉ, ESQUIRE

DATE: May 11, 2021